No. 55,608

STATE OF KANSAS, *Petitioner,* v. GARY A. SAVAIANO, *Respondent.*

(670 P.2d 1359)

Opinion filed October 21, 1983.

*Roger N. Walter,* disciplinary counsel, argued the cause and was on the brief for the petitioner.

*Eldon L. Gay,* of Topeka, argued the cause and was on the brief for the respondent.

*Per Curiam:* This is an original proceeding in discipline, filed pursuant to Supreme Court Rule 212 (230 Kan. civ), against Gary A. Savaiano, an attorney admitted to practice in the State of Kansas. A panel of the Kansas Board for Discipline of Attorneys, after a full evidentiary hearing, recommended the respondent should receive public censure. Respondent filed exceptions to the report of the disciplinary panel.

The initial complaint against the respondent arose out of his representation of a Mr. Phil Frankenberger. On October 30, 1981, Phil Frankenberger wrote a letter of complaint to Arno Windscheffel, the Disciplinary Administrator of the Kansas Supreme Court, against Mr. Gary Savaiano. Frankenberger alleged Savaiano had agreed to represent Frankenberger at all stages of a legal action commenced against him. (Halpin v. Frankenberger and Topeka Bank and Trust, Shawnee County District Court Case No. CV 0777.) Frankenberger contended that after judgment was entered against him, Savaiano withdrew from representation, contrary to his agreement with Frankenberger.

The office of the disciplinary administrator received the complaint on November 2, 1981, and on that date, pursuant to Rule

209 (230 Kan. ciii), Rules of the Kansas Supreme Court Relating to Discipline of Attorneys, docketed a complaint against Mr. Savaiano. On that date, a form letter acknowledging receipt of the letter of complaint was sent to Frankenberger, and a form letter advising Savaiano of the complaint and requesting his response was sent to Savaiano.

Once docketed, the investigation of the complaint proceeds under Rule 210 (230 Kan. ciii). The administrator has wide latitude in conducting the investigation of a complaint, including referral to local or state bar grievance committees. As a matter of office policy, Mr. Windscheffel will either assign the matter for investigation to such committees or, in instances where the complaint appears to be of a less serious nature, he will simply refer it to the attorney complained of for his or her response. In this instance, the complaint was referred to Mr. Savaiano for his response.

On February 4, 1982, Frankenberger again wrote Mr. Windscheffel wanting to know the status of his complaint. Not having received a reply to his first letter, Mr. Windscheffel, on February 16, 1982, sent Mr. Savaiano a second letter advising of the complainant's second inquiry, again requesting Mr. Savaiano to reply, and stating his failure to respond would result in the matter proceeding to the review committee without the benefit of his answer. Mr. Savaiano again failed to reply to this second letter.

Frankenberger again wrote Mr. Windscheffel on June 1, 1982, asking why it was taking so long to complete the investigation. Not having received a reply to his second letter, on June 7, 1982, Mr. Windscheffel finally phoned Mr. Savaiano to request he provide some response prior to submitting the complaint to the review committee for disposition pursuant to Rule 210 (c). Savaiano replied he had no intention of answering. Mr. Windscheffel then asked if Mr. Savaiano would at least write a letter advising authorities of his intention not to answer. Savaiano replied he had no intention of answering Mr. Windscheffel either. Mr. Windscheffel then stated, "That is your firm answer, that you do not intend to answer me or my letter." Mr. Savaiano then replied, "That's right." Mr. Windscheffel replied, "You leave me no option but to recommend this to panel." Mr. Savaiano then stated, "That's o.k. with me."

On June 29, 1982, the complaint was submitted to the review committee on the basis of the complainant's allegations without the respondent's answer, and on the recommendation of the disciplinary administrator that the matter be referred to panel hearing solely on the basis of the respondent's intentional refusal to answer. The review committee deferred consideration of the matter, requesting a more detailed account of the complaint. Accordingly, on June 29, 1982, Mr. Windscheffel assigned the matter for investigation to the Ethics and Grievance Committee of the Wichita Bar Association, the situs of the complainant's residence. The chairman of the committee, Warren Southard, assigned the matter to Mark Anderson, a Wichita attorney, for investigation. Southard also wrote Mr. Savaiano requesting that he cooperate with Mr. Anderson and provide a written response to the complaint at his earliest convenience. Mr. Savaiano did not reply to Mr. Southard's request. Mr. Anderson completed the investigation without the benefit of input from Mr. Savaiano, and submitted a written report to Mr. Southard, which was forwarded to the disciplinary administrator on August 27, 1982.

On September 1, 1982, the investigative report was forwarded to the members of the review committee. The complaint was again submitted to the review committee, pursuant to Rule 210, on September 30, 1982. This time the review committee determined, on the basis of the letter of complaint and investigation, that the matter be referred for formal charges and a formal evidentiary hearing. Mr. Savaiano was advised of this decision by letter dated October 6, 1982.

Pursuant to Rule 211 (b) (230 Kan. ciii), a formal complaint was prepared and filed alleging the original complaint and alleging that the respondent neglected and refused to answer inquiries by the disciplinary administrator, and refused to cooperate with the investigation of the original complaint.

After the filing of a formal complaint, Mr. Savaiano cooperated, filing answers to all the allegations made against him. The respondent appeared at all hearings, presented evidence in his behalf, and submitted himself for questioning to all parties. At the conclusion of the disciplinary administrator's evidence, the hearing panel sustained the respondent's motion for dismissal of the complaint against him on all matters except for the failure of the respondent to cooperate with the disciplinary administrator.

The panel found that the disciplinary administrator had not presented clear and convincing evidence that the respondent violated the canons of ethics in his representation of Mr. Frankenberger. However, the panel did find that the respondent failed to cooperate with the disciplinary administrator's office as required by Supreme Court Rule 207 (230 Kan. ci). It was recommended by the panel that the respondent, having violated Kansas Supreme Court Rule 207, be reprimanded by public censure.

The respondent claims that Rule 207 (a) does not impose a duty on members of the state bar to cooperate with and answer inquiries by the state's disciplinary authority when they themselves are the subject of a disciplinary investigation. We do not agree.

Every attorney admitted to practice law in this state and any attorney specially admitted by a court of this state for a particular proceeding is subject to the discipline of the Supreme Court and the authority established by the rules of the Supreme Court. The purpose of such broad jurisdiction vested in the Supreme Court is to insure that control is maintained over proceedings conducted before the courts of this state. Rule 201 (230 Kan. xcix).

Some of the Supreme Court rules have been amended subsequent to the commencement of the proceedings against the respondent. Since none of the amendments to the rules affect this proceeding, only pertinent portions of the appropriate current rules will be stated. The relevant portions of rules relating to the procedure for discipline of attorneys are:

"Rule 202
GROUNDS FOR DISCIPLINE
"The license to practice law in this state is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters, and to aid in the administration of justice as an attorney and as an officer of the Court. It is the duty of every recipient of that privilege to conduct himself at all times, both professionally and personally in conformity with the standards imposed upon members of the bar as conditions for the privilege of practicing law. Acts or omissions by an attorney, individually or in concert with any other person or persons, which violate the Attorney's Oath of Office as set forth in Rule 702 (i), or the Code of Professional Responsibility as set forth in Rule 225 hereof, or as hereinafter amended, shall constitute misconduct and shall be grounds for discipline, whether or not the acts or omissions occurred in the course of an attorney-client relationship.
"A certificate of a conviction of an attorney for any crime shall be conclusive

evidence of the commission of that crime in any disciplinary proceeding instituted against said attorney based upon the conviction.

## "Rule 203
## TYPES OF DISCIPLINE

"(a) Misconduct shall be ground for:

(1) Disbarment by the Supreme Court; or

(2) Suspension by the Supreme Court; or

(3) Public censure by the Supreme Court; or

(4) Informal admonition by the Kansas Board for Discipline of Attorneys or the Disciplinary Administrator; or

(5) Any other form of discipline the Supreme Court deems appropriate.

. . . .

## "Rule 204
## KANSAS BOARD FOR DISCIPLINE OF ATTORNEYS

"(a) The Supreme Court shall appoint an eleven-member board to be known as the Kansas Board for Discipline of Attorneys (hereinafter referred to as the Disciplinary Board), which shall consist of:

"[Eleven members of the board.]

. . . .

## "Rule 205
## DISCIPLINARY ADMINISTRATOR

"(a) A Disciplinary Administrator shall be appointed by the Supreme Court and shall serve at the pleasure of the Court. . . . The Disciplinary Administrator shall be a member of the bar of the State of Kansas.

. . . .

"(c) The Disciplinary Administrator shall have the power and duty:

. . . .

"(2) To investigate or cause to be investigated, all matters involving possible misconduct, whether called to his attention by complaint or otherwise.

"(3) To present all matters involving alleged misconduct to the review committee, except as otherwise provided by Rule 209.

. . . .

"(6) To prepare for and prosecute all disciplinary proceedings instituted to determine misconduct of attorneys before hearing panels, the Disciplinary Board, and the Supreme Court.

. . . .

## "Rule 207
## DUTIES OF THE BAR AND JUDICIARY

"(a) *It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he may have affecting such matters.*

"(b) It shall be the further duty of each member of the bar of this state to report to the Disciplinary Administrator any action, inaction, or conduct, which in his opinion constitutes misconduct of an attorney under these Rules.

"(c) It shall be the duty of each judge of this state to report to the Disciplinary Administrator any act or omission on the part of an attorney appearing before

him, which, in the opinion of the judge, may constitute misconduct under these Rules. Upon receipt of such report, it shall be processed as hereinafter provided for complaints. Nothing herein shall be construed in any manner as limiting the powers of such judge in contempt proceedings.

. . . .

## "Rule 209
### COMPLAINTS

"All complaints or reports relating to misconduct of any attorney shall be filed with the Disciplinary Administrator. Any complaints or reports filed with the Disciplinary Board or any member thereof, the Clerk of the Appellate Courts, any state or local bar grievance committee, or any other body shall be immediately delivered to the Disciplinary Administrator. The Disciplinary Administrator shall promptly docket all complaints or reports received, unless the complaint or report appears, on its face, to be frivolous, or without merit, in which case the Disciplinary Administrator may dismiss the complaint or report, without having docketed the same.

## "Rule 210
### INVESTIGATIONS

"(a) All investigations, whether upon complaint or otherwise, shall be initiated and conducted by the Disciplinary Administrator or under his supervision.

"(b) The Disciplinary Administrator may refer a complaint or report to the state bar association grievance committee, a local bar association grievance committee, or any member of the bar of this state, for investigation and report. The Disciplinary Administrator may at any time withdraw such referral and have the complaint or report otherwise investigated.

"(c) Upon the conclusion of an investigation, the Disciplinary Administrator shall recommend to the review committee dismissal of the complaint, informal admonition of the attorney concerned, or prosecution of formal charges before a hearing panel. Disposition shall thereupon be made by a majority vote of the review committee, unless it directs further investigation. A complaint shall not be referred for panel hearing unless the review committee finds by a majority vote that there is probable cause to believe there has been a violation of the Code of Professional Responsibility or of the Attorney's Oath which may require formal discipline of the respondent.

## "Rule 211
### FORMAL HEARINGS

"(a) Hearings shall be conducted by a panel of three attorneys, at least two of whom shall be members of the Disciplinary Board. Hearings may be held at any place in the state. The chairman of the Disciplinary Board shall designate the members of the panel, the presiding officer thereof, and the matters to be heard by the panel. The presiding officer shall be a member of the Disciplinary Board.

"(b) Formal disciplinary proceedings shall be instituted by the Disciplinary Administrator by filing a complaint with the secretary of the Disciplinary Board. The complaint shall be sufficiently clear and specific to inform the respondent of the alleged misconduct. A copy of the complaint shall be served upon the respondent. The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.

. . . .
"(f) At the conclusion of a hearing held by a panel, a report shall be made to the Disciplinary Board setting forth findings and recommendations, which report shall be signed by a majority of the panel and submitted to the Board. To warrant a finding of misconduct the charges must be established by clear and convincing evidence.

. . . .
"If the final hearing report or reports do not recommend discipline, or if the complaint is dismissed by the panel or if the panel recommends discipline other than as set forth in Rule 203 (a) (1), (2) or (3), at the discretion of the Disciplinary Administrator an appeal may be taken by the Disciplinary Administrator to the Supreme Court for final disposition. The appellate procedure shall be as provided in Rule 212 (b).

"If the final hearing report recommends discipline of disbarment, suspension, or public censure, as prescribed by Rule 203 (a) (1), (2) or (3), or if the Disciplinary Administrator appeals from other action taken as set forth in the preceding paragraph, the report, findings and recommendations of the panel together with the complaint, answer and transcript, if any, shall be filed with the Clerk of the Appellate Courts and the matter shall proceed as provided by Rule 212." Rules Relating to Discipline of Attorneys, 230 Kan. xcix-civ. Emphasis supplied.

Rule 207 (a) imposes a duty on all lawyers subject to the jurisdiction of the Kansas Supreme Court to cooperate with and respond to the inquiries by the state disciplinary authorities at all stages of the proceedings, even when they themselves are the subject of a disciplinary investigation. The plain import of this rule is to impose a duty of cooperation regardless of the nature or subject of the complaint.

The language of Rule 207 (a) is simple, straightforward and unambiguous. It imposes the duty of cooperation on every lawyer under this court's jurisdiction with one exception. The one exception, the right against self-incrimination, is contained in Rule 223 (230 Kan. cx). Rule 223 states: "All participants shall be entitled to all rights, privileges and immunities afforded public officials and other participants in actions filed in the courts of this state." The respondent's constitutional and statutory right against self-incrimination included in Rule 223 was not claimed by the respondent.

Some jurisdictions have adopted more specific procedural rules for processing disciplinary complaints imposing a duty of cooperation even on those attorneys who are the subject of a disciplinary investigation. See Rule 2.6 Discipline Rules for Attorneys of the Supreme Court of the State of Washington; Wisconsin Supreme Court Rule 22.07; and Alaska Bar Rule II -

14 (c). The purpose of the rules is to assure the cooperation of attorneys against whom complaints have been filed with the disciplinary administrator while the disciplinary administrator is investigating the substance of the complaint. We find Rule 207 (a) accomplishes that same purpose.

Our procedures insure the public that their grievances, real or imagined, against an attorney, will be investigated and resolved promptly and impartially. No procedure can be designed to protect the attorney from groundless complaints. The ability of the disciplinary administrator to investigate, interview and evaluate without restriction is the best assurance for attorneys that groundless complaints will be terminated as quickly and efficiently as humanly possible.

This is the first instance where an attorney has refused to cooperate with the disciplinary administrator in an investigation of a complaint brought against that attorney. There is no doubt that the respondent felt justified in refusing to cooperate with the disciplinary administrator during the informal investigation of the complaint. He was wrong.

IT IS THEREFORE BY THE COURT ORDERED that Gary A. Savaiano is hereby disciplined by this court by public censure and he is hereby ordered to forthwith pay the costs of this proceeding.

IT IS FURTHER ORDERED that the Order of Public Censure be published in the official Kansas Reports.

By Order of this Court this 21st day of October, 1983.