No. 49,277

In the Matter of EDWARD S. DUNN, *Petitioner*.

(707 P.2d 1076)

Opinion filed October 25, 1985.

*Roger Walter*, disciplinary counsel, argued the cause for the State of Kansas, respondent.

*Wayne T. Stratton*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, argued the cause, and *Thomas L. Bell*, of the same firm, and *Thomas E. King*, of Morris, Larson, King, Stamper and Bold, of Kansas City, Missouri, and *Donald H. Loudon*, of the same firm, were with him on the Memorandum for petitioner.

*Per Curiam*: Edward S. Dunn, of Holton, Kansas, has petitioned this court for reinstatement to the practice of law in the State of Kansas. Mr. Dunn was indefinitely suspended from practice by this Court on the 23rd day of September, 1977. *In re Dunn*, 223 Kan. 9, 569 P.2d 366 (1977). Petitioner's suspension resulted from his plea of nolo contendere following plea negotiations in federal district court to one count of filing a false and fraudulent federal income tax return.

Upon receipt of the petition for reinstatement, it was referred to the Kansas Board for Discipline of Attorneys for investigation, hearing and recommendations. A three-member panel of the Board undertook such investigation and hearing and on December 12, 1984, filed its report with the Clerk of the Appellate Courts wherein a majority of the panel recommended that petitioner be reinstated to the practice of law. In arriving at its recommendations, the panel relied upon *State v. Russo*, 230 Kan. 5, 630 P.2d 711 (1981), in concluding that Mr. Dunn had been rehabilitated to the extent that he should be reinstated to the practice of law. In *Russo* we set forth eight factors which should be considered in any reinstatement action. We held:

"Factors to be considered in determining whether a former attorney should be readmitted to the practice of law include: (1) the present moral fitness of the petitioner; (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession; (3) the extent of petitioner's rehabilitation; (4) the seriousness of the original misconduct; (5) conduct subsequent to discipline; (6) the time elapsed since the original discipline; (7) the petitioner's character, maturity and experience at the time of the original discipline; and (8) the petitioner's present competence in legal skills." Syl. ¶ 4.

We also determined that the nature and seriousness of the original conduct which led to disbarment or suspension may, as a threshold matter, be such as to preclude reinstatement. In doing so, we held:

"The seriousness of the underlying offense which led to the prior discipline may, as a threshold matter, preclude reinstatement such that further inquiry as to rehabilitation of the petitioner is not warranted." Syl. ¶ 5.

To deny, as a threshold matter, consideration of reinstatement based upon the original misconduct requires that it be of such seriousness and nature that the possibility of rehabilitation is remote and that the protection of the public and the preservation of the ethical and moral standards of the legal profession precludes reinstatement. The Board, in its panel report to this Court, presented a lengthy and detailed analysis of Mr. Dunn's original misconduct and his conduct since suspension in 1977. Although not repeated here, the panel quoted extensively from the original Board findings that led to Mr. Dunn's suspension. The report states:

"[T]he conduct which indicated to the original panel that he was unfit to practice law was his negligent failure to keep or secure sufficient business records to accurately determine the income received by him." p.15.

"[T]he original panel report in this matter did not determine or find that he [Dunn] was not 'morally fit to engage in the practice of law' but only determined he was negligent in keeping of his records. . . . There was no evidence to the contrary as to Petitioner's 'moral' fitness in either the original proceeding or the present proceeding." p.17.

The panel painstakingly reviewed and applied the eight factors set forth in *Russo* and carefully reviewed the testimony and other evidence in reaching its conclusion to recommend the reinstatement of Mr. Dunn. We see nothing to be gained by setting forth in detail the report of the panel although we should point out that one of the members dissented from the majority report. Suffice it to say, a majority of the Court concurs with and accepts the majority report of the Board.

One further matter remains which causes this Court considerable concern and that is a determination of the petitioner's present competence in legal skills. Petitioner's competence to practice law was not an issue in the original suspension proceedings and many of his former clients and colleagues have come forward in support of his reinstatement indicating their willingness to rely upon Mr. Dunn in the future. None of them, however, are in a position to judge the present legal competence of the petitioner and that duty must, of necessity, fall upon this Court. It is obvious to any practitioner of the law that there have been extensive changes, both procedurally and substantively, over the past eight years. The fact that a person was a competent practitioner of the law in 1977 does not, in and of itself, assure that the same individual would be a competent practitioner today. The record reflects that since his suspension petitioner has been occupied in farming and as manager of a rural water district. Nothing in the record discloses that petitioner has kept abreast of the current state of the law or is cognizant of and familiar with the many changes which have taken place in recent years. The hearing panel report states:

"In regard to item eight, Petitioner's present competence in legal skills is a matter that needs determination before reinstatement, and Petitioner should establish that he is presently qualified in legal skills. That qualification could be determined by requiring Petitioner to take the next bar examination given by the Kansas Board for Admission of Attorneys or such other test the Court may prescribe." p.19.

A majority of the members of this Court are of the opinion the

petitioner should successfully take and pass the Multistate Professional Responsibility Examination and the Kansas Bar Examination as a condition of reinstatement. It is therefore the opinion of the Court that upon the reporting of the successful taking and completion of the Multistate Professional Responsibility Examination and the Kansas Bar Examination to the Clerk of the Appellate Courts and consideration thereof by the Court, an order shall be issued reinstating the petitioner, Edward S. Dunn, to the practice of law in Kansas.

SCHROEDER, C.J., dissenting.