No. 58,143
No. 58,515

In the Matter of DOUGLAS A. PRICE, *Respondent.*

(709 P.2d 986)

Opinion filed December 6, 1985.

*Roger N. Walter,* counsel for the disciplinary administrator, appeared on behalf of the State of Kansas.

There was no appearance by respondent.

Two original proceedings in discipline filed by Arno W. Windscheffel, Disciplinary Administrator, against Douglas A. Price, of Humboldt, an attorney formerly admitted to the practice of law in Kansas, have been consolidated for purposes of this opinion. Respondent was indefinitely suspended from the practice of law in a previous disciplinary proceeding and remains suspended at this time. *In re Price,* 237 Kan. 624, 701 P.2d 1337 (1985). The present cases will be discussed separately.

## No. 58,143

This complaint included numerous allegations of neglect and misconduct by respondent in his capacity as County Attorney of Allen County, and in the handling of his private practice. The Kansas Board for Discipline of Attorneys filed a comprehensive report along with its recommendation that respondent be disciplined by indefinite suspension. The facts as supported by the evidence before the Board are lengthy and will be greatly abbreviated herein.

As County Attorney of Allen County, respondent was primarily responsible for the prosecution of a sixteen-count criminal indictment against Nathaniel J. "Yorkie" Smith. Throughout the preparation, discovery proceedings and trial of the case, respondent repeatedly failed to abide by discovery orders issued by the court, made repeated misrepresentations to the judge and defense counsel and failed to furnish statements of witnesses and other evidence to defense counsel even though under a court order to do so. During trial these matters came to light, requiring the court to declare numerous recesses and delaying the proceedings. Respondent granted immunity to a witness, Roger

Smith, brother of the defendant, and failed to advise the court or reduce the agreement to writing as required by the court.

Respondent, in his capacity as County Attorney, represented the State's interest as appellee in the appeal by James R. Dodge from a conviction of forgery. Respondent failed to file a brief and on the day before oral argument was scheduled in the Court of Appeals, called defense counsel and offered to confess error, resulting in a reversal and an order for new trial. The defendant was placed on diversion and not tried a second time.

In the case of *State v. Jones*, respondent failed to file an appellate brief for the State even after obtaining two orders extending the time for filing. Both of his motions seeking additional time were filed out of time.

The Board found that the respondent "repeatedly and consistently failed to promptly prepare and file [journal entries in various criminal actions] as required by the duties of his office and as directed by the trial court . . . . through the years 1981, 1982, 1983 and 1984." On one occasion respondent failed to issue a bench warrant after being ordered to do so by the trial court.

In his private practice, respondent failed to properly represent a client who was a defendant in an action for damages and allowed a default judgment to be taken against her. In a probate proceeding for the appointment of an administrator, respondent failed to appear and ultimately had to be replaced by other counsel. Other findings of neglect are included in the Board's report.

The Board concluded that respondent had repeatedly neglected legal matters entrusted to him and had engaged in conduct involving dishonesty and deceit and conduct prejudicial to the administration of justice.

## No. 58,515

In this complaint respondent was found to have appeared on October 31, 1984, as prosecutor in traffic court wearing a World War II German officer's uniform with Nazi insignia thereon. The Board found such conduct to be prejudicial to the administration of justice.

In both of the foregoing proceedings, the respondent failed to cooperate with or appear before the panel of the Board. In both instances he failed to appear before this court although notifica-

tion was sent by the Clerk of the Appellate Courts pursuant to Supreme Court Rule 212 (235 Kan. cxxix).

The court, being cognizant of the fact respondent is already suspended from the practice of law, and having carefully considered the records in both of the foregoing cases, finds that the conduct of the respondent violates numerous disciplinary rules and would also warrant indefinite suspension. The costs herein are assessed to the respondent.