No. 60,625

In the Matter of Douglas A. Price, *Respondent.*

(739 P.2d 938)

Opinion filed July 17, 1987.

*Stanton A. Hazlett,* disciplinary counsel, appeared for the Disciplinary Administrator.

There was no appearance by respondent.

*Per Curiam:* This original action in discipline was filed by the office of the Disciplinary Administrator against Douglas A. Price of Humboldt. Respondent has been the subject of several prior disciplinary proceedings and has been suspended from the practice of law in Kansas since July 9, 1985. *In re Price,* 237 Kan. 624, 701 P.2d 1337 (1985); *In re Price,* 238 Kan. 426, 709 P.2d 986 (1985).

The instant complaint is based upon respondent's representation, or lack thereof, in the matter of the Estate of Merle K. Bagnall, deceased, in the District Court of Allen County. After being notified of the complaint filed against him, respondent totally failed to respond or to cooperate with the office of the Disciplinary Administrator. He failed to appear before the panel of the Board for Discipline of Attorneys and failed to appear before this court when ordered to do so. Such failure constitutes a clear violation of Supreme Court Rule 207 (235 Kan. cxxvi). *State v. Savaiano,* 234 Kan. 268, 670 P.2d 1359 (1983). It is noted that respondent showed similar disdain for the rules of this court and the Code of Professional Responsibility in the previous actions.

The panel in this case found the respondent neglected the probate proceedings in the Bagnall estate which he originally filed on August 14, 1981. It found:

"[T]he Respondent has failed, refused and neglected to complete the matters pertaining to the estate, although he has been requested to do so. There has been no accounting nor determination of heirship. There has been no report of either Kansas inheritance tax or federal estate tax prepared by the Respondent. The estate has incurred a Kansas inheritance tax liability for interest of $1,643.75 due to delinquent reporting."

The panel unanimously found that Respondent violated DR 6-101(A)(3) (235 Kan. cxlvii) in that he neglected a legal matter entrusted to him and recommended that respondent be disbarred. We agree.

Respondent, for the last several years, has shown a total lack of responsibility in representing his clients as is demonstrated by the earlier cases. He has shown no respect for his oath as an attorney or for the courts in which he has appeared. Respondent's repeated neglect of his clients' affairs shows a lack of ability or desire to represent those clients and a total disregard for the judicial system and the administration of justice. Such repeated and intentional failures require more severe sanctions than would a single isolated incident. See ABA Standards for Imposing Lawyer Sanctions § 8.1, p. 47 (1986); *Benson v. State Bar*, 13 Cal. 3d 581, 119 Cal. Rptr. 297, 531 P.2d 1081 (1975); *The Florida Bar v. Glick*, 397 So. 2d 1140, 1141 (Fla. 1981).

IT IS THEREFORE BY THE COURT ORDERED that Douglas A. Price be, and he is hereby, disbarred from the practice of law in the State of Kansas; the privilege and license of Douglas A. Price to practice law in the State of Kansas are hereby revoked, and the Clerk of the Appellate Courts is directed to strike the name of Douglas A. Price from the roll of attorneys in the State of Kansas.

IT IS FURTHER ORDERED that this order of disbarment shall be published in the official Kansas Reports and that the costs of this action be assessed to the respondent.