No. 61,629

In the Matter of RICHARD L. HILTON, *Respondent*.

(750 P.2d 417)

Opinion filed February 19, 1988.

*Stanton A. Hazlett,* deputy disciplinary administrator, appeared on behalf of petitioner.

*Harry W. Saums,* of Wichita, and *Richard L. Hilton,* pro se, argued the cause for the respondent.

This is a disciplinary proceeding against Richard L. Hilton, of Wichita. At the time of the hearing before a panel of the Kansas Board for Discipline of Attorneys, the parties stipulated that respondent was guilty of violating:

1. Disciplinary Rule 6-101(A)(3) (1987 Kan. Ct. R. Annot. 143) by neglecting a legal matter entrusted to him; and
2. Supreme Court Rule 207 (1987 Kan. Ct. R. Annot. 105) by failure to cooperate with the disciplinary board and disciplinary administrator in the investigation of the complaint of misconduct herein.

The panel unanimously recommended that the discipline of public censure be imposed upon respondent. No exceptions to the panel report have been filed. The matter is before us for the imposition of discipline.

By virtue of the stipulations herein, the panel did not make specific findings of fact relative to the underlying complaint of misconduct. For our purposes, it is sufficient to state the following relative thereto. Respondent was retained by Evelyn Gunn, complainant herein, in 1983, to handle the probate of the estate of Willie Gwyn. The probate proceeding was commenced in the Sedgwick County District Court and remains pending with the most recent documents therein having been filed on April 30, 1984. In addition to the delay in concluding the case, Ms. Gunn complains about respondent's conduct relative to his handling of an estate asset, a certain 1978 Cadillac, which was damaged while in the custody of the respondent.

The panel concluded as follows:

"The panel feels that the violation of DR 6-101(A)(3) in itself is not a very

serious matter but the panel does feel that the failure of the respondent to cooperate in the investigation of the complaint against him is of a serious nature. It is noted that the respondent at the time of this investigation had many serious personal problems that occurred to him in relation to his health and members of his family, but in spite of this the panel feels that it would have been an easy matter for the respondent to have cooperated in the investigation of this complaint against him, and further feels that he knew or should have known that his failure to so cooperate would have serious repercussions against him."

Clearly, the panel was more concerned with respondent's failure to cooperate in the investigation of the complaint than the misconduct involved in the complaint itself. It should be noted that the discipline of public censure has been imposed upon respondent relative to three other complaints (213 Kan. 27, 521 P.2d 600 [1973], and 217 Kan. 694, 538 P.2d 977 [1975]).

We agree with the panel that respondent's failure to cooperate with the investigation of the complaint herein is a more serious matter than the rather sketchy facts before us relative to the underlying complaint would indicate. Like the panel, we acknowledge respondent did have some major personal problems during at least some of the time period involved, but agree that respondent should have cooperated with the investigation. Cooperation with the investigation of a complaint is a necessary component of the attorney discipline system. Frequently, misunderstandings between an attorney and his or her client can be resolved informally where cooperation occurs. Without cooperation, the attorney's side of the dispute is never presented to the board or disciplinary administrator until formal proceedings are instituted by which time a considerable amount of effort has been expended by the investigators and a panel convened.

IT IS THEREFORE ORDERED that respondent be and he is hereby disciplined by public censure and it is directed that this order be published in the official Kansas Reports.

IT IS FURTHER ORDERED that the costs of this proceeding be assessed to the respondent.

Effective this 19th day of February, 1988.

LOCKETT, J., not participating.