No. 55,316

In the Matter of the Petition of BOBBY LEE PRINGLE
for Reinstatement.

(808 P.2d 1339)

Bobby Lee Pringle, respondent, was admitted to practice law in Kansas on February 16, 1955. In *State v. Pringle*, 233 Kan. 726, 667 P.2d 283 (1983), the court suspended respondent from the practice of law in Kansas for an indefinite period of time for violations of DR 1-102(A)(4) and (6) (1990 Kan. Ct. R. Annot. 165) and DR 9-102(A), (B)(2), (B)(3), and (B)(4) (1990 Kan. Ct. R. Annot. 204). These violations occurred in respondent's improper handling of a client's money. On July 25, 1983, respondent filed a motion for rehearing, claiming that the court's opinion was not supported by the weight of the evidence. The motion was denied on September 8, 1983. On November 3, 1983, respondent filed an amended motion for modification, which was denied by the court on December 9, 1983.

On April 3, 1986, pursuant to Supreme Court Rule 219 (1990 Kan. Ct. R. Annot. 157), respondent filed a petition for an order vacating, terminating, or modifying the order of indefinite suspension. An evidentiary hearing on respondent's petition was held on July 17, 1986. The hearing panel for the Kansas Board for Discipline of Attorneys found that respondent had not met the court's established standards for reinstatement as contained in *In re Dunn*, 238 Kan. 31, 707 P.2d 1076 (1985), and *State v. Russo*, 230 Kan. 5, 630 P.2d 711 (1981). The panel report noted that, in *Russo*, the court stated: "When a former attorney seeks reinstatement, he must meet an even greater burden than when he was originally admitted and must overcome the prior adverse conclusions of the court as to his fitness to practice law." 230 Kan. at 9.

This court accepted the recommendation of the hearing panel and denied respondent's motions on October 31, 1986. On August 20, 1990, respondent filed a new petition for reinstatement, which

the court referred to the disciplinary administrator for investigation and hearing on August 29, 1990.

The disciplinary administrator started his investigation on September 5, 1990, by requesting respondent to furnish information. The disciplinary administrator's letter stated, in part:

"The first step of our consideration is investigation. We must obtain current information about you for submission to the hearing panel of the Kansas Board [for] Discipline and the Supreme Court.

"Enclosed please find a copy of a form entitled 'Questionnaire and Affidavit of Applicant for Reinstatement Pursuant to Rule 219.' Please answer all questions on the form. Provide this office with the completed questionnaire and the requested documentation within 30 days of the date of this letter. Your application will be placed on 'hold' within this office until that is accomplished.

"After receipt of the requested information, this office will make a decision as to whether additional investigation is required. If no additional investigation is required your application will be set for an evidentiary hearing before the Kansas Board [for] Discipline."

Respondent furnished none of the requested information but, by way of a letter received by the disciplinary administrator on October 3, 1990, stated, in part:

"I have examined the latest copy of Kansas Supreme Court Rule 219 that I could find in the SMU Law Library and cannot find that it requires me to surrender my Constitutional right to privacy, therefore, unless you can provide me with a copy of a Kansas Supreme Court Rule which requires me to complete and file your requested 'Questionnaire and Affidavit of Applicant for Reinstatement Pursuant To Rule 219,' I am unwilling to execute and file it. I have already filed a sworn Application for Reinstatement which provides the information requested in the questionnaire which is germane to the inquiry. The Questionnaire looks more like a Credit Application than anything else and I cannot see that credit information is germane to my application for reinstatement. After all, any deficiencies in my credit standing have been generated by my Indefinite Suspension and the total loss of income resulting therefrom. The Honorable Charles Green's Minority Report on the last Application for Reinstatement, states my position on this issue exactly.

"I have likewise declined to execute and enclose the 'Kansas Board [for] Discipline Authorization and Release' form you have requested, since I can find no Supreme Court Rule requiring it. I am requesting my references to complete and file the 'Certificates of Character and Fitness' you have requested.

"If there is some Supreme Court Rule requiring the completion of your Questionnaire and Release Form which I have been unable to locate in the Pacific Reporter System and which you can supply me, I then and in that

event, I request a reasonable period of time in which to complete and file it should I determine to do so after weighing the probable disruption of my family's lifestyle which I, after a great deal of adversity, have been able to establish for them against the possible benefits of having my suspension vacated."

This matter was presented to this court for its consideration, and the court directed a response by the disciplinary administrator, which was approved by this court. This response, dated October 24, 1990, stated in part:

"Your letter was presented to the Supreme Court for their consideration. They have directed me to write and tell you that you must fulfill my directions to you of September 5, 1990, including executing the release. You also must cooperate with any subsequent investigation as conducted by Mr. Jack Ford, Investigator for the Office of Disciplinary Administrator. Mr. Ford's investigation would proceed after receipt of all information requested from you.

"The Court has also instructed me to tell you that your failure to cooperate with this office in investigating your petition for reinstatement will result in denial of your petition, without consideration."

After receiving no response, the disciplinary administrator wrote to respondent on December 17, 1990, stating, in part:

"It is now December 17, 1990, and I have had no response to my letter of October 24, 1990, or to my letter of September 5, 1990.

"Please have the material requested in September here by January 7, 1991. If the material is not received by then I will have no option other than recommending that your petition for reinstatement be denied."

On January 4, 1991, respondent responded by letter to the disciplinary administrator and filed a pleading with the court captioned "Respondent's Amended Petition for an Order of Reinstatement." Neither the letter nor the amended petition contained the information requested by the disciplinary administrator in September 1990 or as directed by this court in October 1990.

Supreme Court Rule 207 (1990 Kan. Ct. R. Annot. 141) requires members of the Kansas bar to "assist the Disciplinary Administrator in investigations and such other matters as may be requested of them." Failure of a lawyer to abide by Rule 207 can result in the imposition of discipline. See *In re Price*, 241 Kan. 836, 739 P.2d 938 (1987), and *State v. Savaiano*, 234 Kan. 268, 670 P.2d 1359 (1983).

The information and assistance requested from respondent Bobby Lee Pringle by the disciplinary administrator in September 1990, and confirmed and directed by this court in October 1990, has not been furnished nor provided by respondent. The information requested is the same information that has been requested of all applicants for readmission for several years. A full and fair consideration of respondent's petition for reinstatement cannot be held by a hearing panel or by this court in a void or solely on information presently furnished to the court by respondent's pleadings.

It is the duty of the disciplinary administrator to conduct, in his discretion, appropriate investigation regarding a petition for reinstatement. This cannot be done completely or adequately without cooperation and assistance from the petitioner attorney. As stated previously, the respondent has failed to provide the requested information and assistance to the disciplinary administrator.

IT IS THEREFORE ORDERED that respondent's petition for reinstatement and his amended petition for reinstatement be and are hereby denied.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports.

Effective this 10th day of April, 1991.