No. 67,549

IN THE MATTER OF MARY CATHERINE JACKSON, *Respondent.*

(843 P.2d 257)

Opinion filed December 11, 1992.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

Respondent appeared pro se.

*Per Curiam:* This is a contested attorney disciplinary proceeding involving Mary Catherine Jackson, an attorney licensed to practice law in Kansas.

The hearing panel found respondent violated Supreme Court Rule 207 (1992 Kan. Ct. R. Annot. 160) by failing to cooperate with the investigation of four disciplinary complaints against her and that the failure to cooperate violated MRPC 8.4(g) (1992 Kan. Ct. R. Annot. 328) (engaging in conduct adversely reflecting on fitness to practice law) and may have violated MRPC 8.4(d) (engaging in conduct prejudicial to the administration of justice). The panel recommended respondent be suspended from the practice of law for one year.

The Disciplinary Administrator's Office received complaints against the respondent on September 25, 1990; November 28, 1990; December 12, 1990; and January 16, 1991. Respondent was sent notification as each complaint was docketed. In each of the

four letters notifying her that a complaint against her was being investigated, she was informed she should review Supreme Court Rule 207 (1992 Kan. Ct. R. Annot. 160), which imposes a duty on the attorney to cooperate and respond to inquiries by the state disciplinary authorities, and *State v. Savaiano*, 234 Kan. 268, 670 P.2d 1359 (1983), which states the level of cooperation required. Timothy Alvarez, a member of the Wyandotte County Bar Association Ethics Committee, was appointed to investigate each complaint against the respondent. After each appointment, Alvarez sent a letter to the respondent informing her that he had been assigned to investigate that complaint and requested a prompt response to the complaint. The respondent failed to respond to any of the letters or to cooperate in any of the four investigations, in violation of Supreme Court Rule 207.

At the panel hearing on November 26, 1991, Alvarez testified how Jackson's failure to respond affected the investigations. He indicated that he wanted to review the respondent's files to determine the status of the cases. He asserted it would have helped the investigations if Jackson would have explained her side of the story.

Also during the hearing, respondent acknowledged (1) she made no reply to the various letters received from Alvarez or the letters and notices received from the Office of the Disciplinary Administrator; (2) she had been disciplined by public censure, reported in *In re Jackson*, 249 Kan. 172, 814 P.2d 958 (1991), for violating Supreme Court Rule 207; and (3) she had been suspended on November 21, 1991, for her failure to comply with mandatory legal education requirements. Jackson summarized the various family and personal problems which interfered with her ability to practice law since February 1989 and then rested.

The panel determined that despite the prompt and thorough efforts of Alvarez to investigate the complaints, he was unable to make a determination on the issue of probable cause in any of the four matters. The panel found by clear and convincing evidence that the efforts of the investigating attorney were hindered by respondent's lack of cooperation in each matter.

The panel took note of our Order of Public Censure in 249 Kan. 172, dated July 12, 1991. It observed that respondent, in that matter as in the present hearing, claimed personal and family

circumstances prevented her from cooperating with the investigator. It pointed out that the respondent's silence and inaction in the pending matters mirrors her response to the attempted investigation and formal complaint in the previous matter. The panel observed that each of the pending complaints was filed subsequent to the previous disciplinary hearing.

The panel concluded that respondent violated Supreme Court Rule 207 in each of the four pending cases by failing to cooperate with the investigative attorney or the Office of the Disciplinary Administrator. It further concluded that, under MRPC 8.4(g), respondent's inaction constituted misconduct which adversely reflects on respondent's fitness to practice law. The panel also observed that respondent may have engaged in conduct that is prejudicial to the administration of justice in violation of Rule 8.4(d). It concluded that the silence of respondent contributed to the inability of the investigating attorney to assess the merits of the underlying complaints and to determine the presence of probable cause in each matter. The panel recommended that respondent be suspended from the practice of law for a term of one year.

The respondent now asserts: (1) the hearing panel's findings of fact are inaccurate and are not sufficient to support the panel's conclusions and recommendations, and (2) the panel's conclusions of law and the recommendations have no legal or factual basis. Respondent states there is sufficient substantial evidence for the complaints to have been resolved without a response from her. She claims that because there was no determination of probable cause in any of the four complaints, those allegations were obviously groundless and frivolous. Respondent argues little, if any, additional information could have come from her that was not already available to the investigator; therefore, her failure to cooperate caused little harm, if any.

Respondent contends a review of the circumstances existing at the time determines whether discipline was to be imposed. She argues circumstances existed which mitigate her failure to cooperate. During the panel hearing, Jackson mentioned medical problems of her son, the death of her paralegal, an auto accident in which she was involved, and psychiatric problems of her oldest son.

Respondent asserts Rule 207 does not specify the scope of the cooperation which an attorney must provide, nor does it require such attorney to duplicate what is already available. Respondent neither identifies how her cooperation would have duplicated what information was already available nor indicates that she cooperated in the investigation.

Supreme Court Rule 207(b) imposes a duty on every lawyer subject to the jurisdiction of the Kansas Supreme Court to cooperate with and respond to the inquiries by the state disciplinary authorities at all stages of the proceedings, even when that lawyer is the subject of a disciplinary investigation. The language of Rule 207(b) is simple, straightforward, and unambiguous. It imposes the duty of cooperation on every lawyer under this court's jurisdiction with one exception. That one exception, the right against self-incrimination, is contained in Supreme Court Rule 223 (1992 Kan. Ct. R. Annot. 186).

We agree with the panel that respondent's failure to cooperate with the investigation of the complaint herein is a more serious matter than the rather sketchy facts before us relative to the underlying complaints would indicate. Like the panel, we acknowledge the respondent did have some major personal problems during at least some of the time period involved, but agree that respondent should have cooperated with the investigation. Cooperation with the investigation of a complaint is a necessary component of the attorney discipline system. Frequently, misunderstandings between an attorney and his or her client can be resolved informally where cooperation occurs. Without cooperation, the attorney's side of the dispute is never presented to the board or Disciplinary Administrator until formal proceedings are instituted by which time a considerable amount of effort has been expended by the investigators and the hearing panel. See *In re Hilton*, 242 Kan. 770, 750 P.2d 417 (1988), and *State v. Caenen*, 235 Kan. 451, 459, 681 P.2d 639 (1984).

We find that respondent failed to cooperate in the investigation of the four underlying disciplinary complaints in violation of Rule 207(b). As noted earlier, this is not the first instance in which the respondent has refused to cooperate with the Disciplinary Administrator in an investigation of a complaint brought against her. Each of the complaints in this matter was filed subsequent

to the previous disciplinary hearing and prior to our findings in 249 Kan. 172. Under these circumstances a majority of the court finds that the respondent should be disciplined by public censure.

IT IS THEREFORE BY THE COURT ORDERED that Mary Catherine Jackson is hereby disciplined by this court by public censure; and she is hereby ordered to pay the cost of this proceeding forthwith.

IT IS FURTHER ORDERED that this Order of Public Censure be published in the official Kansas Reports.

ABBOTT, J., not participating.