No. 69,066

In the Matter of MARY CATHERINE JACKSON, *Respondent.*

(861 P.2d 124)

Opinion filed October 29, 1993.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the formal complaint for petitioner.

*Mary Catherine Jackson* appeared pro se.

*Per Curiam:* This is an uncontested attorney disciplinary proceeding involving Mary Catherine Jackson, an Olathe attorney licensed to practice law in Kansas.

The formal complaint in this case consisted of three counts alleging that respondent had violated MRPC 1.1 (1992 Kan. Ct. R. Annot. 244) (failed to provide competent representation), 1.3 (1992 Kan. Ct. R. Annot. 248) (failed to act with reasonable diligence and promptness), 1.4 (1992 Kan. Ct. R. Annot. 251) (failed to keep the client reasonably informed), 1.15 (1992 Kan. Ct. R. Annot. 281) (failed to safely keep a client's property), 1.16 (1992 Kan. Ct. R. Annot. 286) (failed to withdraw from representation when requested), 8.4 (1992 Kan. Ct. R. Annot. 328) (misconduct), and Supreme Court Rule 207 (1992 Kan. Ct. R. Annot. 160) (failed to cooperate in the investigation of the complaint). A panel hearing on the complaint was held on September

9, 1992. The Disciplinary Administrator appeared by Stanton A. Hazlett, and the respondent appeared in person.

## COUNT I

The complainant in this matter is a Kansas attorney who works for Wyandotte-Leavenworth Legal Services. This agency operates a Voluntary Attorney Program in which low income clients are referred to attorneys who participate in the program. The respondent, Mary Catherine Jackson, participated in the program and had agreed to accept cases for a reduced fee.

This count alleged two instances of misconduct involving the respondent's participation in the program.

On April 11, 1989, Lori Sessions made written application to Wyandotte-Leavenworth Legal Services to receive assistance, through the Voluntary Attorney Program, in obtaining a divorce. Sessions made two cash payments to Wyandotte-Leavenworth Legal Services in the amount of $55. On August 11, 1989, Wyandotte-Leavenworth Legal Services advised Jackson that the agency wanted to refer the Sessions case to her. Jackson accepted the case and received a check in the amount of $155 from Wyandotte-Leavenworth Legal Services. That check was endorsed by Jackson and cashed on August 22, 1989.

Jackson did not file a petition for divorce for Sessions until January 8, 1990. Although she obtained temporary orders on behalf of Ms. Sessions, she never obtained service on Mr. Sessions. On April 5, 1990, Ms. Sessions wrote a letter to Wyandotte-Leavenworth Legal Services requesting that the representation of Wyandotte-Leavenworth Legal Services and Jackson be terminated. Ms. Sessions cited as reasons for the termination the lack of communication with her attorney and the failure by Jackson to obtain service on her husband.

On April 12, 1990, and April 27, 1990, the Legal Services attorney wrote Jackson and requested that she reply to Ms. Sessions' termination letter. Jackson did not reply to these letters. On May 17, 1990, Wyandotte-Leavenworth Legal Services sent Ms. Sessions a refund of her $155 payment which had been forwarded to the respondent. Ms. Sessions retained new counsel, who concluded her case. Jackson has not accounted for the funds

paid to her by Wyandotte-Leavenworth Legal Services to represent Sessions.

On September 26, 1989, Alphonso Carroll made written application to Wyandotte-Leavenworth Legal Services to receive assistance through the Voluntary Attorney Program. Mr. Carroll paid $165 to Wyandotte-Leavenworth Legal Services. On January 8, 1990, Wyandotte-Leavenworth Legal Services wrote to the respondent referring the Carroll matter to her. On January 27, 1990, Jackson accepted the case. Wyandotte-Leavenworth Legal Services sent Jackson a check in the amount of $155, which she endorsed and cashed.

Wyandotte-Leavenworth Legal Services received complaints from Carroll about how slowly his case was proceeding. Consequently, the Legal Services attorney sent letters to Jackson on April 17, 1990, and April 27, 1990, in which she requested a response from Jackson. Jackson did not reply. Jackson failed to file a petition on behalf of her client. Ultimately, Wyandotte-Leavenworth Legal Services assumed responsibility for the Carroll matter. Jackson has made no accounting regarding the $155 paid to her.

As to this count, the hearing panel concluded there was clear and convincing evidence that the respondent violated MRPC 1.1, 1.3, 1.4, 1.15, 1.16, and 8.4, and Supreme Court Rule 207.

## COUNT II

The complainant, Larry Burney, retained the respondent to represent him in an administrative hearing regarding an employment matter. The complainant paid the respondent a $375 retainer on May 13, 1991.

The client became dissatisfied with the respondent's representation. He made many attempts to contact the respondent by phone but was not successful. On June 6, 1991, the client sent the respondent a letter terminating her services and requesting an itemized statement and refund. Because the client had received no response to the June 6 letter, he wrote another letter to the respondent on June 21, 1991. Again, there was no response from Jackson.

On July 3, 1991, the former client filed a small claims action against the respondent requesting a return of the unearned por-

tion of the retainer. The respondent prevailed in that action. The court held that there was not sufficient evidence to indicate that the respondent had neglected the case.

The panel found that, although the evidence was insufficient to support the charges in Count II, it was clear that the respondent has continued a pattern of conduct in which the investigations of ethical complaints have been ignored. The panel found that the respondent had violated Supreme Court Rule 207 by failing to cooperate in the investigation of the complaint and that the substantive charges in this count should be dismissed.

## COUNT III

The complainant, Maurice Jordan, retained the respondent to handle numerous legal matters for him. The respondent had agreed to represent the complainant on a contingent fee basis in some of the matters and on an hourly basis in the remaining cases. The client advanced court costs for some of the cases.

During the years of 1990 and 1991, the complainant became increasingly concerned about how the respondent was handling his cases. On many occasions the client attempted to call the respondent and obtain the return of his files. Jackson would not return the client's calls and has failed to return the client's files as requested. The client also wrote letters to the respondent requesting the return of the files.

During the course of the investigation, the client provided information to the investigator regarding the status of one of the cases which he had retained the respondent to handle. The respondent did not keep the complainant advised about the status of his cases and neglected matters entrusted to her.

The panel found that, although the evidence was insufficient to support the charges in Count III, it was clear that the respondent has continued a pattern of conduct in which the investigations of ethical complaints have been ignored. The panel found that the respondent had violated Supreme Court Rule 207 and that the substantive charges in this count should be dismissed. The hearing panel recommended that the respondent be suspended indefinitely from the practice of law.

We note that Mary Catherine Jackson has been publicly censured by this court in *In re Jackson*, 249 Kan. 172, 814 P.2d

958 (1991) (*Jackson I*), and *In re Jackson*, 252 Kan. 219, 843 P.2d 257 (1992) (*Jackson II*), for similar conduct. In *Jackson I*, 249 Kan. at 176, Justice Abbott in his dissent noted, "I would place respondent on supervised probation for a two-year period. Respondent, as a sole practitioner, needs someone she can turn to for advice, as well as someone who will monitor her case management to see that deadlines are met. We are not doing respondent a favor by returning her to the same environment to 'sink or swim' on her own."

In *Jackson II*, 252 Kan. at 222, we stated that Rule 207(b) (1992 Kan. Ct. R. Annot. 160) imposes a duty on every lawyer subject to the jurisdiction of the Kansas Supreme Court to cooperate with and respond to the inquiries by the state attorney disciplinary authorities at all stages of the proceedings, even when that lawyer is the subject of a disciplinary investigation. The language of Supreme Court Rule 207(b) is simple, straightforward, and unambiguous. It imposes the duty of cooperation on every lawyer under this court's jurisdiction with one exception. The one exception, the right against self-incrimination, is contained in Rule 223 (1992 Kan. Ct. R. Annot. 186).

We agree with the findings and conclusions of the hearing panel. We note this is not the first or second instance where the respondent has failed to cooperate with the Disciplinary Administrator in the investigation of a complaint brought against her, neglected legal matters, and failed to keep clients informed. Under these circumstances, the court finds that the respondent should be indefinitely suspended from the practice of law.

IT IS THEREFORE ORDERED that Mary Catherine Jackson be and she is hereby indefinitely suspended from the practice of law in the State of Kansas, effective October 29, 1993.

IT IS FURTHER ORDERED that the respondent shall comply with the provisions of Supreme Court Rule 218 (1992 Kan. Ct. R. Annot. 176) and pay the costs of this proceeding, and that this order be published in the official Kansas Reports.