No. 78,950

In the Matter of MARCUS B. POTTER, JR., *Respondent.*
(952 P.2d 936)

Opinion filed January 23, 1998.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*John P. Biscanin*, of Kansas City, argued the cause for respondent, and *Marcus B. Potter, Jr.*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Marcus B. Potter, Jr., an attorney admitted to the practice of law in the state of Kansas whose business address is in Kansas City.

Procedurally, this case is in an unusual posture. Respondent did not file an answer to the formal complaint as required by Kansas Supreme Court Rule 211(b) (1997 Kan. Ct. R. Annot. 223). Although given written notice of the date of the hearing before the hearing panel, respondent failed to appear, either in person or by counsel, and offered no reason for his absence. Notwithstanding, respondent, through counsel, subsequently filed his exception as follows:

"EXCEPTION TO THE REPORT OF THE HEARING PANEL

"Comes now Marcus B. Potter, Jr., by and through his attorney, John P. Biscanin, and states as follows:

"1. That he requests the right to appear before the Supreme Court to accept the discipline it may impose upon. him but wishes to be allowed the opportunity to explain his actions and to answer any questions the Court may have regarding his behavior and actions in the above-captioned matter.

"2. Further, Respondent, although accepting the Report of the State Board in general, does take exception to the finding of the Panel that he intentionally gave a false statement of material fact or misrepresented facts to the Disciplinary Administrator and, therefore, does take exception to any violations of [MRPC] 8.1(a) [1997 Kan. Ct. R. Annot. 363], 8.4(d), and 8.4(g) [1997 Kan. Ct. R. Annot. 366]."

The hearing panel made extensive, detailed findings of fact. Little would be gained from their inclusion *in toto* by virtue of the

very limited exception filed herein. For our purposes, the following summary of unchallenged findings of fact is sufficient.

The complainant, Denise Carson, was injured in an automobile accident on June 17, 1993. In October of that year, she retained respondent to represent her in connection with the accident. No written fee agreement was entered into, although respondent ultimately took a percentage of the recovery for his fee.

The same month respondent wrote a five-sentence letter to the insurance carrier for the other driver (American Family Insurance Company), advising the company he was representing complainant on her claim. There was never any issue concerning liability. American Family's insured was solely responsible for the collision. The amount of damages was the sole issue.

Respondent took no further action for months. June Pinnick, an American Family claims analyst, wrote him several times in 1994 to settle the claim. Respondent made no response. Complainant became increasingly concerned, particularly after she was notified by her insurance carrier that no further PIP payment would be made. She placed numerous telephone calls to respondent. She was never successful in reaching him, and he did not return her calls. Complainant went to respondent's office several times. He refused to meet with or see her.

Respondent's secretary set up an appointment for February 20, 1995, for complainant, but respondent did not keep the appointment.

On February 23, 1997, complainant wrote a letter of complaint to the Disciplinary Administrator's office. On March 7, 1995, respondent called Ms. Pinnick, the claims analyst, to attempt settlement. It was a short conversation. Ms. Pinnick offered $10,000. Respondent then asked for $12,000. They agreed on $11,250. Respondent advised complainant he had settled for $11,250. Respondent withheld $1,250 for his fee.

The panel further found:

"10. Respondent did not provide the complainant with any information, let alone the written notice required by [MRPC] 1.5(d) [1997 Kan. Ct. R. Annot. 289], that she had the right to have the contingent fee arrangement and the recovery reviewed for reasonableness by a court of competent jurisdiction. The

record does not clearly indicate whether respondent's fee was reasonable. [Footnote 5. At first blush, the percentage fee charged by respondent in the complainant's case would appear to be quite reasonable, i.e., certainly it is less than the 25-40% rate often seen in personal injury litigation. But, the record indicates that respondent spent very little time (probably about one hour) working on the subject personal injury case. . . . Arguably it could be inferred from a preponderance of evidence that respondent's effective fee rate of more than $1,000.00 per hour runs afoul of the reasonableness mandate given the nature of the case and the eight factors listed in [MRPC] 1.5(a). The panel is unprepared to find a [MRPC] 1.5 violation, as it is not supported by clear and convincing evidence in the record.]"

The panel then made the following conclusions:

### "CONCLUSIONS OF LAW

. . . .

"Based on the above-described clear and convincing evidence, the panel concludes as a matter of law that respondent's conduct violates [MRPC] 1.1 [1997 Kan. Ct. R. Annot. 268], 1.2(a) [1997 Kan. Ct. R. Annot. 273], 1.3 [1997 Kan. Ct. R. Annot. 276], 1.4(a) and (b) [1997 Kan. Ct. R. Annot. 282], 1.5(d), 8.1(a), and 8.4(d) and (g), and Kansas Supreme Court Rules 207 [1997 Kan. Ct. R. Annot. 213] and 211. These violations are explained in more detail below.

"Respondent violated [MRPC] 1.1 and 1.3 by virtue of his delay in pursuing the complainant's claim. His failure to return the complainant's calls and to answer Ms. Pinnick's letters, and his failure to deal with the denial of medical expenses and the PIP claim, demonstrate a lack of diligence, promptness, and competence (knowledge and thoroughness) necessary to represent his client.

"Respondent violated [MRPC] 1.2(a), as well as 1.4(a) and (b), when he did not consult with complainant between October 1993 and March 1995 about her claim or explain the settlement negotiations to her despite numerous phone calls from complainant.

"Respondent violated [MRPC] 1.5(d) by his failure to utilize a written agreement evidencing the contingent fee arrangement. He violated [MRPC] 1.5(d) again when he failed to advise the complainant of her right to have the contingent fee arrangement and recovery reviewed by a court for reasonableness.

"Respondent's letter in response to the initial informal complaint . . . contains a false statement of material fact, in violation of [MRPC] 8.1(a), as well as [MRPC] 8.4(d) and (g). Specifically, respondent stated that an offer and counteroffer had been made by the time the informal complaint was filed, when in fact there were no negotiations until at least one week after the informal complaint was received by the disciplinary administrator's office. Alternatively, the panel concludes that respondent's neglect of the complainant's case, his misrepresentation of the facts to the disciplinary administrator, and his lack of communication with the com-

plainant, reflect adversely on his ability to practice law. Therefore, respondent violated [MRPC] 8.4(g).

"Respondent violated Kansas Supreme Court Rules 207 and 211(b). All lawyers, including those under investigation, have a general duty to cooperate with and respond to inquiries from disciplinary authorities. See *State v. Savaiano*, 234 Kan. 268, 271, 670 P.2d 1359 (1983). The failure of a lawyer to cooperate with and respond to the disciplinary administrator, or to appear as ordered before a hearing panel, constitutes a violation of Rule 207. See *In re Price*, 241 Kan. 836, 836, 739 P.2d 938 (1987). Respondent clearly violated [Supreme Court Rules] 207 and 211(b) by failing to participate in the hearing and by failing to file an answer to the formal complaint."

## EXCEPTION

Respondent only filed exceptions to the panel's conclusions he violated MRPC 8.1(a) and 8.4(d) and (g) as based upon respondent's February 8, 1996, letter to Kevin Koch, the attorney who was investigating the complaint herein on behalf of the Disciplinary Administrator's office. This letter states:

"It is my belief that the complaint Ms. Carson filed was made somewhat out of frustration as much as anything else. She had a claim pending with an Insurance Carrier (American Family) for several months and felt that it should have been resolved much quicker than it was. An offer and counter offer had been made at the time her complaint was filed and was subsequently accepted by Ms. Carson with settlement check issued on March 8, 1995 and payout made on March 16, 1995.

"Subsequent to that date Ms. Carson has contacted me for additional representation and I do not believe that she is dissatisfied with my work. I am enclosing documents relating to the settlement and also information regarding Ms. Carson's current address and telephone number should you desire to contact her. [Complainant's address and telephone number deleted.]

"I am available to answer questions or provide additional information as needed."

The complainant filed her initial complaint with the Disciplinary Administrator's office by letter dated February 23, 1995, which was received on March 1, 1995. Respondent did not contact Ms. Pinnick relative to settlement of the claim until March 5 or 7, 1995. Accordingly, respondent's statement relative to the settlement being made prior to the filing of the complaint by the complainant was incorrect. The panel did not determine whether this was an intentional misrepresentation of a known fact or a negligent mis-

statement of a material fact. Respondent may well have had actual knowledge that a complaint was being made in February. The evidence shows respondent's secretary gave the complainant the Disciplinary Administrator's telephone number in advance of complainant's February 23, 1995, telephone call to the Disciplinary Administrator's office and the writing of the letter the same date. Additionally, in her testimony, the complainant denied having contacted respondent subsequently for additional legal services.

The violations based upon the Koch letter are supported by the record. The alternative grounds for these violations (of which no complaint is made in respondent's brief) are also supported by the record. We find no merit in the exception filed herein.

The panel's findings relative to respondent's shabby, unprofessional treatment of the claimant are abundantly supported by the record, as are the panel's conclusions of law, and we accept them.

## DISCIPLINE

The panel noted that respondent had been informally admonished in 1988 and 1991 for violation of MRPC 1.3 (diligence) and 1.4 (communication). The panel went through the ABA Standards on Aggravation and Mitigation and recommended that "the respondent be suspended from the practice of law." There is no indication whether suspension for a fixed period of time or indefinite suspension was deemed to be the appropriate discipline.

Since the date of the panel's final report (April 21, 1997), respondent has been involved in additional disciplinary matters. On October 6, 1997, the review committee recommended the sanctions of informal admonishment in complaint numbers A6467, A6566, and A6642. On November 24, 1997, docketed complaint number A7002 was forwarded to the review committee. At the time of this writing, there has been no further activity.

The determination of the appropriate discipline herein has been difficult. Respondent's reprehensible refusal to communicate with his client and his delay in the handling of a very simple matter were not to his advantage in any respect. Clearly if respondent felt he did not have the time or inclination to handle claimant's case efficiently and professionally, he should have declined representation

or advised the client promptly that he could no longer represent her. No reason or excuse has been proffered for respondent's actions. One can only think the scenario surfacing herein is symptomatic of some basic underlying problem. Respondent should reflect upon what was the cause of his inability or refusal to act and obtain help in making sure there is no recurrence of unethical behavior.

A minority of this court believes respondent should be suspended from the practice of law for a finite or indefinite period of time. Time may prove the minority correct. However, the majority of the court, with some reservations, concludes that the appropriate discipline is published censure. A factor in this determination is that the panel specifically declined to find that the settlement made was unreasonable. Complainant was justifiably irritated with respondent's conduct, but the panel did not find there was any financial loss.

IT IS THEREFORE ORDERED that Marcus B. Potter, Jr., be censured in accordance with Supreme Court Rule 203(a)(3) (1997 Kan. Ct. R. Annot. 201) for his violation of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to respondent.

SIX, J., concurring and dissenting: Respondent's many disciplinary violations are set out in the majority opinion. The majority has adopted the panel's findings and acknowledged "respondent's shabby, unprofessional treatment" of and "reprehensible refusal to communicate with" his client. I agree.

I write separately to focus on respondent's violations of Rule 207 (1997 Kan. Ct. R. Annot. 213) (duty to cooperate) and Rule 211 (1997 Kan. Ct. R. Annot. 223) (formal hearings). See *In re Price* 241 Kan. 836, 739 P. 2d 938 (1987); and *State v. Savaiano,* 234 Kan. 268, 271, 670 P. 2d 1359 (1983).

The Disciplinary Administrator recommends indefinite suspension. The panel recommended suspension, without indicating whether the suspension should be for a definite or indefinite pe-

riod. Respondent does not address the question of an appropriate disciplinary disposition.

Respondent's disciplinary problems span a 10-year period. He was informally admonished in 1988 and in 1991 for MRPC 1.3 (diligence) and 1.4 (communication), two of his violations here. He currently is involved in additional disciplinary matters (informal admonishment recommended on October 6, 1997, in three complaints and a fourth docketed complaint forwarded to the review committee in November 1997, all as noted by the majority).

Respondent offers no explanation for his failure to either answer the formal complaint or to appear before the hearing panel. He ignores the rules of this court by refusing to participate in the disciplinary process. His attempts to mislead the investigator made it appear as though he had been working on the settlement before his client filed her complaint. Respondent's attitude toward the disciplinary process, coupled with his many MRPC violations, call for a sanction beyond published censure.

I would suspend respondent from the practice of law for a period of 1 year from this date.